THE CINCINNATI CHRONICLE COMPANY, Plaintiff, *v.* THE WHITE LINE CENTRAL TRANSIT COMPANY, Defendant.

Where the plaintiff was about to commence the publishing of a newspaper in Cincinnati, and was waiting for the machinery to arrive from New York, where it had been purchased, and the carriers had been notified of these facts when they contracted to carry the machinery to Cincinnati in four days, and a part of the machinery was lost:

*Held,* that the carrier was liable for the direct and necessary consequences, including wages of men, who were idle for want of the machinery after the time when it was to have been delivered, and the cost of efforts made to recover the machinery, as well as the cost of replacing that which was lost, and which could only be replaced by ordering it from the manufactory in New York.

The original complaint in this case was that the defendant, the White Line Central Transit Company, having received and undertaken to transport for the plaintiff below forty-one boxes and packages, containing the machinery composing the printing press of the plaintiff, failed to deliver one box of the machinery for so long a time that the plaintiff was compelled to procure other machinery, and suffered damage by delay in consequence of keeping a large force of operatives unemployed during the time of the delay. The answer denies the failure to deliver the one box.

The case was submitted to the court at Special Term, and the judge found for the plaintiff $767.93 as damages, and a motion for new trial was overruled.

*Stallo & Kittredge,* for plaintiff.

*Wright & Throop,* for defendant.

TAFT, J.  It is claimed that the judge proceeded on an erroneous principle in assessing the damages.  There seems to be no doubt of the long delay in delivering at Cincinnati the one box of machinery, and it is pretty clear that the Chronicle Company were injured by the delay in the way

stated in its petition. But it is claimed that the value of the machinery in the box was but $140, while the damage for delay in delivering it was $767.93, and that such damages for violating the contract of transporting and delivering the property at Cincinnati could not have been contemplated at the time the contract of transportation was made; and that notice was not given that the plaintiff was liable to the loss by delay, which it is now claimed it sustained. One witness, Mr. Birtwhistle, testified that the machinery contained in the box lost could not be replaced for less than one thousand dollars.

Mr. Armstrong, the agent of the plaintiff, who made the purchase of the machinery and also the contract of transportation, informed the company's agent at the time of the contract that it was machinery for printing a newspaper; that the plaintiff was ready to commence its publication, and that delay would be very injurious; and that the carrier company agreed to carry the goods to their destination, Cincinnati, in four days. This witness stated that he found that he could ship the machinery by another line, which would agree to take it to Cincinnati in five days; but that he preferred this defendant's line because it would undertake to carry the machinery in four instead of five days, and he informed the defendant's agent of that circumstance. The lost machinery was afterward found and returned, and arrived at Cincinnati on the same day with the new machinery which was ordered after the loss was discovered. But as the procurement of the new machinery was made necessary by the loss of the box, and the lost machinery was of no use to the plaintiff when it came, and could not be disposed of, the damage was nearly the same as if the loss had been absolute. Now, it is claimed that the court erred in allowing the wages of the men while they could not work for want of this lost machinery. From the nature of the business of the plaintiff, the employes could not be discharged so as to stop their wages without greater damage than the loss of their wages while procuring the

lost machinery. It is also claimed that no notice was given to the carrier that such machinery could not be obtained at Cincinnati. It seems to us that the notice was sufficient in this case to warn the carrier of the consequences of a failure to keep their contract of transportation, and that the court was right in allowing it to the extent to which it appears to have been allowed. One hundred dollars was charged, and probably was allowed, for cost of men employed to find the lost box, and fifty dollars for expense of telegraphing. These seem to have been necessary expenses to avoid the more serious charge of negligence.

We can not say that the judge committed error in allowing these items.

We are satisfied that where, in a case of this sort, a carrier was informed, as it was here, that the publishers were waiting for the machinery to be transported from New York, and were ready to commence the publication, the notice was sufficient to make the carriers liable to such necessary and direct consequential damages as those which the judge seems to have allowed in the present case.

This we hold as matter of law. On the question whether the judge was correct and judicious in his estimate of these items, we do not find reason to interfere.

On the whole case, we conclude to affirm the judgment.